IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLTON KEN HERBERT,

      Plaintiff,

v.                        CASE NO. 1:09-cv-00244-SPM-AK

ALLEN, N ATKINS, et al,

      Defendants.

_____/

## O R D E R

Plaintiff has filed a Third Amended Complaint alleging claims against a number of Alachua County Jail employees for conditions he experienced in December 2008 and January 2009. (Doc. 19). Plaintiff alleges that the jail was extremely cold and he was not given extra blankets nor were the heaters working properly. He claims that he got a cold and sinus infection from the lack of ventilation and "almost every inmate in C3 dorm was sick" from a "bowel disease," after drinking smelly water. He requests declaratory and injunctive relief, with "nominal damages."

By previous Order, Plaintiff was advised that he had alleged no physical injury resulting from the cold temperatures he experienced at the jail in his first three pleadings and without some injury he could not claim compensatory damages. (See Doc. 15).

Thus, Plaintiff has dropped his claim for compensatory and punitive damages and asserts

only injunctive relief, but he is no longer incarcerated at the jail. (Doc. 17). His release

renders the injunctive relief moot. See Sumner v. State Bd. of Pardons and Paroles of

Georgia, 255 Fed. Appx. 372 (11th Cir. 2007) (an inmate's release from custody renders

his claim for injunctive relief in a 1983 case moot).

Further, while the Court can appreciate Plaintiff's discomfort, the Constitution

does not mandate comfortable prisons, just humane ones. Rhodes v. Chapman, 452 U.S.

337, 346 (1981). In the context of analyzing a conditions of confinement claim made by

a pretrial detainee, "the proper inquiry is whether conditions amount to punishment of the

detainee" under the Due Process Clause of the Fourteenth Amendment rather than under

the Cruel and Unusual Clause of the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520,

535 & n. 16, 99 S. Ct. 1861, 1872 & n.16, 60 L. Ed. 2d 447 (1979).

> Not every disability imposed during pretrial detention amounts to
> "punishment" in the constitutional sense, however. . . . And the fact that
> such detention interferes with the detainee's understandable desire to live
> as comfortably as possible and with as little restraint as possible during
> confinement does not convert the conditions or restrictions of detention
> into "punishment."

Bell, 441 U.S. at 537. A court must decide whether the restriction at issue was imposed

for a punitive purpose or whether it is reasonably related to a legitimate penological

objective. *Id.*, at 538-40. If there is no reasonable relation to some legitimate goal of the

institution, then it can reasonably be inferred that the objective was punitive. Wilson v.

Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998); Lynch v. Baxley, 744 F.2d 1452,

1463 (11th Cir. 1984). Courts making such determinations must examine the totality of

the circumstances. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985).

 Under the facts alleged, Plaintiff was told that there were no more "extra"

blankets, and that the heaters weren't working and had never worked properly, and that

other inmates thought it was too cold and had signed a petition to that effect. Jail

officers, as well, said the heaters had never worked properly and they kept their jackets

on at work. Maintenance was called and officers responded to Plaintiff's complaints,

even though he alleges some of them laughed about it and told him to deal with it as best

he could. The totality of these circumstances do not evince an intent to single him out for

treatment or to punish him, rather the facts establish that during the coldest winter

months the jail's heating system was not able to keep it warm enough to be comfortable

for Plaintiff and there were not enough blankets for all the inmates to have extra ones.

While Plaintiff claims that he had a cold during this time and mentions a "bowel disease"

that many inmates had, he does not provide any specific facts supporting that he had a

serious medical problem arising from the cold temperatures or that he was actually one of

the inmates who suffered from the bowel disease. Plaintiff has been advised twice (docs.

8 and 15) that he must provide more specific facts for his claims to go forward and his

third amended complaint still fails to provide sufficient facts to state a claim.

 Accordingly, it is

ORDERED AND ADJUDGED:

That the cause be DISMISSED for failure to state a claim for relief.

DONE AND ORDERED this 30th  day of June, 2010.


  *s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge